UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QUINNE POWELL | : | |
| | : | |
| v. | : | Civil No.: 3:09CV2141(EBB) |
| | : | |
| UNITED STATES OF AMERICA | : | |

RULING ON MOTION FOR RECONSIDERATION

Pending before the Court is the motion of the petitioner, Quinne Powell ("Powell"), for reconsideration of the Court's ruling denying his December 31, 2009 motion to vacate, correct or set aside his 2005 sentence for racketeering ("RICO"), RICO conspiracy, three narcotics conspiracies, two counts of witness tampering and one count of conspiracy to commit money laundering. Powell is currently serving five concurrent life sentences as well as two concurrent ten-year and one concurrent twenty-year sentences. Familiarity with the underlying facts, Powell's prior claims for habeas relief and the Court's rulings denying those claims is presumed.

For the following reasons, Powell's instant Rule 59(e), Fed. R. Civ. P., motion for reconsideration of the Court's ruling [doc. # 43] is DENIED.

<u>Discussion</u>

In connection with Powell's conviction of racketeering, the jury found he committed certain racketeering acts, one of which was conspiracy to murder (racketeering act 3). Accordingly, in calculating his sentence, the court applied the first-degree murder cross-reference provision of the sentencing guidelines, U.S.S.G. § 2A1.1.[1] In doing so, the court found that, based on a

---

[1] The sentencing guidelines for RICO, the crime of which Powell was convicted on count one, direct the sentencing court to use the offense level applicable to the underlying racketeering

preponderance of the evidence, the murders involved in that racketeering act were reasonably foreseeable results of the racketeering conduct of which he was convicted. As a result, the court sentenced him to life imprisonment on count one.

The essence of Powell's present claim is that the sentencing court erroneously applied the murder guideline in sentencing him on his RICO conviction[2] because, in contravention of the recently issued Supreme Court decision in <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014), there was insufficient evidence to support a finding that, "but for" the underlying RICO conduct of which he was convicted, the victims would not have been murdered. Thus, without proof beyond a reasonable doubt of such but-for causation, Powell claims he is actually innocent of the murder guideline sentence enhancement and the life sentence imposed on his RICO conviction must be vacated. Powell's reliance on <u>Burrage</u> is misplaced for many reasons, not the least of which is that the murder cross-reference guideline is only a sentencing factor, not an element of the offense of conviction and, as such, is not affected in any way by <u>Burrage</u>, and the rule it announced does not render him actually innocent of the sentence enhancement.

<u>Burrage</u> involved the sentence enhancement provision of the Controlled Substance Act, 21 U.S.C. § 841, which increases the statutory mandatory maximum and minimum sentences for

---

activity. U.S.S.G. § 2E1.1. Here, the underlying racketeering activity was murder in aid of racketeering. Accordingly, the murder guideline, U.S.S.G. § 2A1.1, applied because death resulted from his commission of racketeering act 3. Pursuant to this guideline, in the case of a premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed.

[2]Powell raised a similar claim in his initial habeas motion. Specifically, he claimed his counsel was ineffective for not objecting to the application of the murder cross reference guideline. The claim was rejected, primarily because Powell could not establish the required prejudice, given that he received five concurrent life sentences.

narcotics convictions where death and serious bodily injury "resulted from" a victim's use of the controlled substance distributed by the defendant.  21 U.S.C. § 841(d)(1)(C).  The Supreme Court, consistent with and following Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2103), held that the "death resulting" provision was an element of the statute and thus had to be found by a jury beyond a reasonable doubt, and was not merely a sentencing factor that could properly be determined by the sentencing court on a preponderance of the evidence.  Specifically, the Burrage court held that the "death resulting" element requires a but-for causal relationship between the use of the controlled substance distributed by the defendant and a victim's death - - *i.e.*, a defendant can not be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless a victim's use of the drug distributed by the defendant is found by a jury beyond a reasonable doubt to be a but-for cause of death or serious injury.  Burrage, 134 S. Ct. at 892.

Unlike the sentence enhancement statute at issue in Burrage, the murder cross-reference guideline at issue here is a sentencing factor which may be found by a sentencing judge by a preponderance of the evidence.  Cf. United States v. Viola, 555 F. App'x 57, 60 (2d Cir. 2014) (noting that the principle announced in Alleyne does not apply to judicial fact finding that increases a guideline sentencing range).  The murder guideline is not an element of the RICO offense of which Powell was convicted.  It neither increases the penalty for that offense beyond a statutory maximum, see Apprendi, 530 U.S. at 490 (articulating a constitutional distinction between elements of an offense and sentencing factors and holding that any fact that increases the penalty beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt); nor does it involve aggravating facts which constitute elements of an offense that increase a

statutory mandatory minimum sentence, see Alleyne, 133 S. Ct. at 2155 (holding that the principle applied in Apprendi applies with equal force to facts that increase the statutory minimum).  Here, Burrage has no effect on the appropriateness of the sentencing judge's use of the murder cross-reference guideline provision in imposing Powell's life sentence based on its determination, by a preponderance of the evidence, that the murders were the reasonably foreseeable result of Powell's racketeering conduct.

Another reason Burrage is unavailing in this case is that the Supreme Court did not expressly make its holding retroactive to cases on collateral review.  See Tyler v. Cain, 533 U.S. 656, 663 (2001) (holding that only the Supreme Court, not lower courts, may make new rules retroactive).  Thus, even if it were relevant and provided support for Powell's claim, it would not be applicable in this habeas case.  E.g., United States v. Redd, 735 F.3d 88, 91 (2013).  Moreover, Burrage did not announce a new rule of substantive law, which is the only type of new rule that generally applies retroactively.  See Schriro v. Summerlin, 542 U.S. 348 (2004) (explaining that, unlike new substantive rules, only an extremely narrow set of watershed rules of criminal procedure, which implicate fundamental fairness and accuracy in criminal proceedings, may be given retroactive effect).  To the contrary, Burrage is only about procedure – *i.e.*, who decides a given question, judge versus jury, and under what standard, preponderance versus reasonable doubt.  Cf. Coleman v. United States, 329 F.3d 77, 84 (2d Cir. 2003).  In other words, Burrage announced a procedural rule because it affects only the manner of determining the defendant's culpability.

Further, even if Burrage were applicable here, either substantively or procedurally, Powell's claim that Burrage announced an intervening change in the law that renders him actually innocent,

not of the underlying RICO offense, but of the murder guideline sentence enhancement, is unavailing because it constitutes a claim of legal, not factual innocence.  Bousley v. United States, 523 U.S. 614, 623-24 (1998) (holding that a claim of actual innocence means factual innocence, not legal innocence); Darby v. United States, 508 F. App'x 69, 71 (2d Cir. 2013) (noting that a claim of actual innocence does not apply where petitioner merely makes a legal argument, *i.e.*, that he is innocent of a sentence enhancement).  Burrage, like Alleyne, is a sentencing-error case and claims of sentencing errors may not serve as a basis for a factual innocence claim.  Williams v. United States, 117 F. App'x 132, 133 (2d Cir. 2004) (noting that actual innocence in a noncapital case means that the defendant did not commit the crime).

Powell's claim of actual innocence is based on a legal argument.  It is not based on any new evidence showing he did not commit the crime of which he was convicted, *i.e.*, RICO, or on facts showing that the murders at issue in racketeering act 3 were not a foreseeable result of his racketeering activity.  See Darby, 508 F. App'x at 71.  As such, Powell's claim is one of legal innocence, not that he is actually, factually innocent of any crime, and thus is unavailing.

## CONCLUSION

For the foregoing reasons, Powell's motion [doc. # 43], upon reconsideration, is DENIED. Further, his motion for a hearing [doc. #44], is also DENIED.

SO ORDERED.

/s/ _____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2014 at New Haven, Connecticut.